1 ADAM PAUL LAXALT
   Attorney General
2 DENNIS W. HOUGH, Bar No. 11995
   Deputy Attorney General
3 State of Nevada
  Bureau of Litigation
4 Public Safety Division
  100 N. Carson Street
5 Carson City, NV 89701-4717
  Tel: (775) 684-1254
6 E-mail: dhough@ag.nv.gov

7 *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN CITY BROOMFIELD, | Case No. 3:17-cv-00683-MMD-WGC |
| Plaintiff, | **ORDER GRANTING** |
| v. | **MOTION FOR EXTENSION OF TIME OF THE 90-DAY STAY PERIOD** |
| ROMEO ARANAS, et al., | |
| Defendants. | |

Defendants, by and through counsel Adam Paul Laxalt, Attorney General of the State of Nevada, and Dennis W. Hough, Deputy Attorney General, hereby file their Motion for Enlargement of Stay. This request is based on the following Memorandum of Points and Authorities and the papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This case is an inmate civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 10 at 1. Plaintiff, Steven Broomfield (Plaintiff), is an inmate in the custody of the Nevada Department of Corrections (NDOC). *Id.* The events at issue in Plaintiff's complaint took place at Northern Nevada Correctional Center (NNCC). *Id.* at *3*.

Plaintiff alleges that he is a type-2 diabetic who suffers from neuropathy in his limbs. He alleges that the NDOC violated the Eighth Amendment's protections against cruel and unusual punishment be refusing to provide him with diabetic footwear.

1

Plaintiff alleges that Dr. Naughton was deliberately indifferent to Plaintiff's serious medical condition by discontinuing Neurontin and substituting Nortripline, a less effective painkiller.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) Allows This Court to Extend Deadlines

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Good Cause Exists to Enlarge the Stay

The original Screening Order stayed the case for 90 days from August 29, 2018. ECF 10 at 8. The Order Setting Inmate Early Mediation Conference set the date for the conference for Tuesday, December 18, 2018 at 11:30 a.m. in Courtroom Number 2 in the United States District Courthouse, Reno Nevada. ECF 18 at 1. The stay period needs to be extended to reflect the Order Setting Inmate Early Mediation Conference.

/ / /

/ / /

## III. CONCLUSION

The Defendants respectfully request that the 90 day stay period be extended five days beyond the current Early Mediation Conference date.

DATED this 27th day of November, 2018.

        ADAM PAUL LAXALT
        Attorney General

By: *[signature]*
        DENNIS W. HOUGH
        Deputy Attorney General
        State of Nevada
        Bureau of Litigation
        Public Safety Division

*Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:  November 28, 2018.**

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**