# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN CITY BROOMFIELD

    Plaintiff

v.

ROMEO ARANAS, et. al.,

    Defendants

Case No.: 3:17-cv-00683-MMD-WGC

**Order**

Re: ECF No. 70

Plaintiff has filed a motion requesting a court order that Defendants' produce a copy of a notice of charges as to inmate Joshua Brodski related to a charge of passing the medication to Neurontin to other inmates through a book cart. (ECF No. 70.)

One of Plaintiff's claims in this action is that Dr. Naughton improperly replaced Plaintiff's Neurontin prescription with a less effective pain medication. Plaintiff claims that Dr. Naughton refused to substitute the Neurontin even after learning of Plaintiff's increased pain because Neurontin was a more expensive drug. (*See* ECF Nos. 10, 11.)

Defendants filed a motion for summary judgment. (ECF No. 40.) It is supported, in part, by a declaration from Dr. Naughton. (ECF No. 40-3.) The declaration states that on July 26, 2016, an inmate reported that Plaintiff had been "cheeking" (not taking) his Neurontin and Clonidine and giving it to female inmates via the book cart. Three tabs were found in his room that were moistened, but dried out. On July 27, 2016, the Neurontin and Clonidine were stopped because of the cheeking. Months later, on October 24, 2016, Dr. Mar prescribed Plaintiff Nortriptyline, and the dosage was subsequently increased on February 27, 2017. Dr. Naughton states that he stopped Plaintiff's Neurontin because of the cheeking, and not because of the cost,

of which he was not aware. He reiterates that the medication was stopped because Plaintiff was abusing it and passing it to other inmates. In addition, Dr. Naughton states that because of inmate abuse of Neurontin, it is no longer available on the prison yards except for use for what it is FDA approved: seizure disorder and herpes zoster.

In Plaintiff's own motion for summary judgment (ECF No. 47) and in his response to Defendants' motion for summary judgment (ECF No. 67), and in various other filings, he maintains that there is no evidence that he was cheeking Neurontin. Instead, he acknowledges that he was found to have three tabs of Clonidine, a blood pressure medication, in his cell. He has provided the court with the notice of charges where he was written up for possession of Clonidine in his cell. There is no mention of Neurontin being found. Plaintiff claims that Dr. Naughton's assertion that Plaintiff was passing Neurontin to other inmates is false, and that in fact, it was another inmate—Joshua Brodski—who was charged with passing Neurontin that was found in another inmate's cell in the infirmary. Plaintiff states as much in his own affidavit and declaration. (ECF No. 47-1 at 2-3, ECF No. 49.)

Now, Plaintiff wants the court to order Defendants to produce a copy of inmate Joshua Brodski's notice of charges related to the charge of passing the Neurontin to other inmates to support his motion for summary judgment and opposition to Defendants' motion.

Plaintiff's motion (ECF No. 70) is **DENIED**. Plaintiff states in his own declaration that he was not found to have passed Neurontin to any inmates; that he was only found to have the three tabs of Clonidine; and that it was inmate Brodski that was written up for passing Neurontin. He submits his own notice of charges which states he was in possession of three tabs of Clonidine to support his position. This is sufficient evidence to support Plaintiff's motion and his response to Defendants' motion. It is not necessary for the court to have the notice of charges

relative to inmate Brodski, particularly where the Defendants argue in their response that it is immaterial which medication Plaintiff was found to be cheeking, the material fact is that he was found to be cheeking any medication. The court will evaluate all of the evidence, including Plaintiff's statements concerning the medications and his notice of charges when it undertakes the analysis of the pending dispositive motions.

Plaintiff is advised that Local Rule 7-2(b) contemplates the filing of a motion, response and reply brief. Any other briefing is not permitted without leave of court. Defendants' reply brief in support of their motion for summary judgment is currently due on December 6, 2019. The time for Plaintiff to file a reply brief in support of his own motion has long since passed. Therefore, with the exception of Defendants' reply brief due on Friday December 6, 2019, there should be no further briefing on the pending dispositive motions absent a motion for leave to file supplemental briefing. At this juncture, the court does not foresee a circumstance where any further briefing would be appropriate, and when the reply brief is filed will consider briefing closed and will issue a report and recommendation on the pending dispositive motions in due course.

**IT IS SO ORDERED**.

Dated: December 5, 2019

William G. Cobb
United States Magistrate Judge